UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KORTNIE DIX; and DONNA DIX, <br><br> Plaintiffs, <br><br> v. <br><br> REPROS RECOVERY, LLC; ALLY FINANCIAL INC.; ADESA SALT LAKE; and ALLY SERVICING, LLC, <br><br> Defendants. | **REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION TO REMAND (DOC. NO. 8)** <br><br> Case No. 2:25-cv-01058 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Kortnie and Donna Dix originally brought this action in state court against Repos Recovery, LLC, Adesa Salt Lake, Ally Financial, Inc., and Ally Servicing, LLC.[1]  The Dixes asserted claims under the Fair Credit Reporting Act,[2] the Fair Debt Collection Practices Act,[3] the Truth in Lending Act,[4] and related state

---

[1] (*See generally* Notice of Removal, Doc. No. 1 (removing Case No. 250905418 from the Third Judicial District Court, Salt Lake County, for the State of Utah); Ex. A to Notice of Removal, Compl. in Case No. 250905418, Doc. No. 1-1; Ex. B to Notice of Removal, Am. Compl. in Case No. 250905418, Doc. No. 1-2 (adding Adesa Salt Lake as a defendant).)  Where the notice's exhibits lack uniform page numbering, references are to the documents' CM/ECF pagination.

[2] 15 U.S.C. § 1681 et seq.

[3] 15 U.S.C. § 1692 et seq.

[4] 15 U.S.C. § 1601 et seq.

law claims for the wrongful repossession of their vehicle.[5]  Ally Financial and Ally

Servicing then removed the action to federal court based on federal question

jurisdiction.[6]  Two weeks later, the Dixes amended their complaint to remove all federal

claims[7] and moved to remand this case to state court.[8]  They argue "no basis remains

for federal jurisdiction," the removal was procedurally defective, and they request fees

and costs.[9]  The defendants do not oppose remand in light of the amended pleading,

but they argue a fee award would be improper given the Dixes' pro se status and their

original assertion of federal claims.[10]

---

[5] (Ex. B to Notice of Removal, Am. Compl. in Case No. 250905418, Doc. No. 1-2 at 7–10.)  The Dixes' state law claims include (1) "[i]mproper [e]nforcement" and breach of the covenant of good faith, (2) violation of Utah's certificate of title law and "[f]alse [l]ien [c]laim," (3) quiet title, (4) fraud, unjust enrichment, and consumer protection, and (5) trespass, conversion, and invasion of privacy—all of which are based on circumstances surrounding the allegedly unlawful repossession of their vehicle.  (*Id.* at 8–10.)

[6] (Notice of Removal ¶¶ 9–13, Doc. No. 1.)

[7] (Second Am. Compl. ¶¶ 42–63, Doc. No. 7 (asserting only the same five state law claims).)

[8] (Pls.' Mot. to Remand (Mot.), Doc. No. 8.)  Because the Dixes proceed pro se (without an attorney), their motion is liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed" (citation omitted)).

[9] (Mot. 1, 9, Doc. No. 8.)  Specifically, the Dixes argue the removal was untimely, lacked the defendants' unanimous consent, and included "irregularities" and inaccuracies.  (*Id.* at 8–10.)

[10] (Defs.' Resp. to Mot. (Resp.) 1–2, Doc. No. 18.)  The defendants did not respond to the Dixes' procedural defect arguments.

Because no federal claims remain in this case and the defendants do not oppose remanding the remaining state law claims, the undersigned recommends[11] the district judge grant the motion insofar as it requests a remand of this case to state court. However, because the defendants had a reasonable basis to seek removal, the motion should be denied insofar as it requests fees and costs.

<u>ANALYSIS</u>

Remand is appropriate but awarding fees and costs is not.  To start, this case should be remanded because no federal claims remain and the defendants do not oppose a remand.  Under 28 U.S.C. § 1447(c), a federal court must remand a case if it lacks subject matter jurisdiction.[12]  Federal question jurisdiction exists for actions involving claims arising under federal law.[13]  And where an action also includes state law claims, supplemental jurisdiction over those claims exists if they are integrally related to the federal claims.[14]  In the removal context, a federal court has jurisdiction

---

[11] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 11.)

[12] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Remand is also appropriate for defects in the removal process.  *See id.*  Although the Dixes argue procedural defect, where remand is appropriate for other reasons, this argument need not be addressed.

[13] *See* 28 U.S.C. § 1331 (providing that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

[14] *See* 28 U.S.C. § 1367(a) (providing for "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution");

3

over a removed case where, like here, "the original state-court complaint included federal claims."[15]  But once a complaint is amended to remove the federal claims, "the district court ha[s] discretion only to retain the state claims or relinquish jurisdiction to the state court."[16]  Where the Dixes have amended their complaint to remove all federal claims and the defendants do not oppose remanding the remaining state law claims, it is appropriate to relinquish jurisdiction back to the state court.  Accordingly, the Dixes' motion should be granted insofar as it requests remand of this case.

However, the Dixes' request for fees and costs under § 1447(c) should be denied.  Section 1447(c) provides that an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[17]  Notwithstanding that pro se litigants generally cannot recover attorney's fees,[18] awarding the Dixes fees and costs here would be improper.  Such awards are only appropriate if a defendant had no reasonable basis for seeking

---

*Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction.").

[15] *Am. Bush v. City of S. Salt Lake*, 42 F. App'x 308, 310 (10th Cir. 2002) (unpublished).

[16] *Id.*; *see also* 28 U.S.C. § 1367(c)(3) (providing that federal courts may decline to exercise supplemental jurisdiction over state law claims if federal claims are dismissed); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[17] 28 U.S.C. § 1447(c).

[18] *See Guttman v. Silverberg*, 374 F. Supp. 2d 991, 993–94 (D.N.M. 2005) (collecting cases and denying pro se plaintiff's request for fees under § 1447(c)).

4

removal.[19]  And it was not unreasonable for the defendants to seek removal here, given that the Dixes' original complaint asserted federal claims and related state law claims.[20]  Accordingly, although the Dixes' motion should be granted to the extent it seeks remand, their request for fees and costs should be denied.

RECOMMENDATION

Because no federal claims remain in this case and the defendants do not oppose remanding the remaining state law claims, the undersigned recommends the district judge grant the motion[21] in part—to the extent it requests remand—and remand this case to the Third Judicial District Court, Salt Lake County, for the State of Utah.  But where the defendants had a reasonable basis to seek removal, the undersigned also recommends the district judge deny the Dixes' motion to the extent it requests fees and

---

[19] *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) ("In deciding whether to award costs under § 1447(c), the key factor is the propriety of [the] defendant's removal.").

[20] *See, e.g., Nyanjom v. Sonic Corp.*, No. 20-1240, 2020 U.S. Dist. LEXIS 241437, at *7 (D. Kan. Dec. 23, 2020) (unpublished) (finding fees and costs under § 1447(c) unwarranted where it was "not entirely unreasonable" for the defendant to think removal to federal court was proper).

[21] (Doc. No. 8.)

costs.  The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[22]

DATED this 13th day of April, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[22] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).