UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KORTNIE DIX; and DONNA DIX,<br><br>Plaintiffs,<br><br>v.<br><br>REPROS RECOVERY, LLC; ALLY FINANCIAL INC.; ADESA SALT LAKE; and ALLY SERVICING, LLC,<br><br>Defendants. | **ORDER ADOPTING [26] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-01058<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The Report and Recommendation issued by the magistrate judge on April 13, 2026 recommends that the court remand Plaintiffs Kortnie Dix and Donna Dix's ("Plaintiffs") case to the Third Judicial District Court, Salt Lake County, for the State of Utah.[1] Plaintiffs asserted claims against Defendants Repros Recovery, LLC, Ally Financial Inc., Adesa Salt Lake, and Ally Servicing, LLC ("Defendants") under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Truth in Lending Act, and related state law claims for wrongful repossession of their vehicle.[2] Defendants timely removed the action to federal court on the basis of federal question jurisdiction.[3] Two weeks later, Plaintiffs amended their complaint to remove all federal claims and moved to remand the case to state court.[4] Plaintiffs also request fees and

---

[1] R. & R. to Grant in part & Deny in Part Mot. to Remand ("R&R"), ECF No. 26, filed Apr. 13, 2026.
[2] Notice of Removal, ECF No. 1, filed Nov. 20, 2025.
[3] *See id.*
[4] Pls.' Second Am. Compl. ¶¶ 42–63, ECF No. 7, filed Dec. 3, 2025; Pls.' Mot. to Remand, ECF No. 8, filed Dec. 3, 2025.

costs, alleging the removal was procedurally defective.[5] Defendants do not oppose remanding the remaining state law claims but argue a fee award would be improper given the Plaintiffs' pro se status and their original assertion of federal claims.[6]

Because no federal claims remain in this case, and Defendants do not oppose remand,[7] the magistrate judge recommends the court grant the motion insofar as it requests a remand of this action to state court.[8] But where Defendants had a reasonable basis to seek removal, the magistrate judge also recommends that the court deny Plaintiffs' motion to the extent it requests fees and costs.[9]

Plaintiffs were advised of their right to object to the Report and Recommendation within fourteen days of its service pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.[10] Plaintiffs did not file an objection within fourteen days. Therefore, the court reviews the Report and Recommendation for clear error.[11] Having done so, the court finds that the magistrate judge's analysis and conclusions are sound and no clear error appears on the face of the record.

---

[5] ECF No. 8 at 8–10.

[6] *See generally* Answer filed by Ally Financial, Ally Servicing, ECF No. 23, filed Feb. 23, 2026; Answer filed by Repros Recovery, ECF No. 24, filed Feb. 23, 2026; Answer filed by Adesa Salt Lake, ECF No. 25, filed Feb. 23, 2026.

[7] Defs.' Resp. to Pls.' Mot. to Remand 1–2, ECF No. 18, filed Dec. 17, 2025.

[8] R&R 5.

[9] R&R 5–6.

[10] R&R 6.

[11] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1190 n.1 (10th Cir. 2008) (alteration in original) (quoting *United States v. 2121 E. 30th Street,* 73 F.3d 1057, 1060 (10th Cir. 1996)).

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation[12] is ADOPTED. The court DENIES the award of fees and costs to Plaintiffs, and REMANDS Plaintiffs' action to the Third Judicial District Court, Salt Lake County, for the State of Utah.

Signed April 28, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[12] ECF No. 26.